IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN C. FERNANDEZ OLIVARES
    Plaintiff,

vs.                                                  5:10cv55/RS/MD

PMI EMPLOYEE LEASING
    Defendants.

---

## **O R D E R**

This case is before the court upon plaintiff's employment discrimination complaint (doc.1) and motion for appointment of counsel. (Doc. 2). The filing fee has been paid in this case.

Plaintiff complains that the defendant discriminated against him because of his race and his disability when it failed to accommodate plaintiff's disability, terminated plaintiff's employment and retaliated against plaintiff. Plaintiff states that he brings this case pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, although no action for race discrimination lies under that statute. In addition, plaintiff has failed to explain the facts of his case in section III of the complaint form in accordance with the instructions, instead referring to attachments. While plaintiff may feel free to submit attachments to support and substantiate the allegations in his complaint, he must also complete the complaint form. The use of a prescribed form was adopted for reasons of administrative convenience. This court, with its large volume of pro se actions, saves valuable time if it is not required to decipher lengthy and often unintelligible submissions.

This saving would be lost if plaintiffs were allowed to either forgo use of the form entirely, or to fill in the form with a notation instead of completing the form itself. In light of the administrative benefits derived from the use of the form, he must **fully complete** the form, in accordance with the instructions. Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff is advised that the amended complaint must contain all of his allegations, and he must include any attachments he wishes the court to consider, because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff has also requested appointment of counsel. Title 28 U.S.C. § 1915 grants general authority for the appointment of counsel as a matter of discretion in purely private, civil litigation, and there is no express provision for the payment of fees or reimbursement of costs, as in the case of criminal prosecutions and habeas corpus proceedings. A district court has broad discretion, under 28 U.S.C. § 1915(e), in deciding whether to request counsel for indigent litigants in civil cases. *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999). Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Bass v. Perrin*, 170 F.3d 1712, 1720 (11th Cir. 1999). The number of volunteer lawyers willing to accept appointment in such cases on a pro bono publico basis is limited. Consequently, the Court is unable to honor all of the requests made for the appointment of counsel. In *Holt v. Ford,* 862 F.2d 850, 853 (11th Cir. 1989) the court stated that in determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel. See also *Bass, supra; Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)*; Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261-62 (5th Cir. 1986); *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2nd Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981) (per curiam); *cf. Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977) (merits of case is factor in determining if district court abused discretion in denying appointed counsel in a Title VII case). Another

consideration is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). At this juncture, it does not appear that appointment of counsel is warranted, and plaintiff's motion will be denied without prejudice.

Accordingly, it is ORDERED:

1. The plaintiff's motion for appointment of counsel (doc. 2) is denied without prejudice.

2. The clerk is directed to send plaintiff an "employment discrimination complaint form." This case number and the words "Amended Complaint" shall be written on the form.

3. Plaintiff shall file an amended complaint and supporting documentation within thirty days from the date of this order, as instructed herein. Once this is done, the court will provide plaintiff with information concerning service of process.

4. Failure to timely comply with this order may result in a recommendation to the district court that this case be dismissed.

DONE AND ORDERED this 19th day of March, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**