IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN C. FERNANDEZ-OLIVARES
    Plaintiff,

vs.                                       5:10cv55/RS/MD

PMI EMPLOYEE LEASING, INC..
    Defendants.

## **O R D E R**

This case filed pursuant to Title VII of the Civil Rights Act of 1964, and Title 42 U.S.C. § 1983 is currently before the court upon referral from the clerk. Plaintiff paid the $350.00 filing fee in this case, and on April 13, 2010, the court entered an order informing plaintiff that it was his responsibility to formally serve the complaint. (Doc. 9). Plaintiff was instructed to review Federal Rule of Civil Procedure 4 governing the issuance of summons, and use of waiver of service forms and setting forth the requirements for service of process. (*Id.*) The clerk provided plaintiff with both a summons and the forms for waiver of service so he could proceed under whichever provision he chose.

On April 27, 2010, a "proof of service" form was filed in this case. A review of the form suggests that service has not been properly made. The form reflects that the summons was issued for and served upon Donna Johnson at 1732 Bayview Street, Panama City, Florida. Ms. Johnson's relationship to the instant litigation is unclear. The named defendant is PMI Leasing, with an address of 127 Miracle Strip Parkway NW, Ft. Walton Beach, Florida, and plaintiff does not mention Ms. Johnson or this address anywhere in his amended complaint. The initial complaint reflects that Lisa Evans is the Vice President of Human Resources at PMI Employee Leasing, and neither Ms. Johnson

nor the service address listed above is mentioned in either the complaint or the attachments.

Additionally, although Fed.R.Civ.P. 4(c)(2) expressly provides that service may be made by anyone who is at least 18 years old and not a party to the case, plaintiff has signed the proof of service form in the space designated for the process server. If in fact he has served the complaint, service was not proper. In light of the defendant's failure to respond, plaintiff will be required to submit a "Notice to the Court" in which he explains these seeming irregularities.

Accordingly, it is ORDERED:

1. Within 21 days from the date of this order plaintiff shall file a "notice to the court concerning service of process." In this notice, plaintiff should clarify the identity of the Donna Johnson who was purportedly served on April 27, 2010 and her relationship to the named defendant in this case.

2. Plaintiff should also clarify whether he was the individual who served the complaint or whether service was completed in compliance with Fed.R.Civ.P. 4(c)(2).

3. Failure to respond to this order may result in a recommendation that this case be dismissed for failure to timely and properly serve the defendant in this action.

DONE AND ORDERED this 20th day of July, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:10CV55/RS/MD*