IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN C. FERNANDEZ-OLIVARES
    Plaintiff,

vs.                                                   5:10cv55/RS/MD

PMI EMPLOYEE LEASING, INC..
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff filed this case pursuant to 42 U.S.C. § 2000e, Title VII of the Civil Rights Act on March 15, 2010. (Doc. 1). He paid the $350.00 filing fee. Plaintiff was directed to file an amended complaint (doc. 5), which he did on April 9, 2010. (Doc. 8). On April 13, 2010 the court entered an order directing the clerk to issue summons for defendant PMI Employee Leasing and deliver it to the plaintiff, who was responsible for service of the summons and amended complaint. (Doc. 9). Plaintiff was advised to review Fed.R.Civ.P. 4, which governs the issuance of summons, use of waiver of service forms, and sets forth the requirements for service of process. (*Id.*).

On April 27, 2010, plaintiff filed an affidavit of service, from which it appeared that he personally had served the summons on April 27, 2010. (Doc. 11). The defendant did not respond. After reviewing the affidavit, on July 20, 2010, the court directed plaintiff to file a notice to the court concerning service of process to explain whether in fact he was the individual who had attempted to serve process upon the defendant. (Doc. 12). Plaintiff submitted a notice to the court confirming that he had served the documents on an employee of PMI who had signed for PMI "according

to Fed.R.Civ.P. 4(c)(2)." (Doc. 14 at 1). This rule actually provides that "[a]ny person who is at least 18 years old and <u>not a party</u> may serve a summons and complaint." Clearly, plaintiff was not a proper process server, and the court noted that service was improper for that reason.[1]

The court then entered an order stating that if plaintiff wished to proceed with this action, he should request a summons from the clerk and have this action served in accordance with the relevant provisions of Fed.R.Civ.P. 4. He was directed to ensure that this second attempt at service was complete and file proof thereof was filed with the court within twenty-eight days. (Doc. 15). The plaintiff returned the executed summons on August 24, 2010. (Doc. 16). The second summons also reflected the plaintiff's signature as the process server.

Although some latitude is afforded to pro se litigants in their pleadings, it is not this court's responsibility to litigate anyone's case in his or her behalf or even to provide step-by-step instruction on how to do so. In its initial service order, the court directed the plaintiff's attention to Rule 4 of the Federal Rule of Civil Procedure. When the plaintiff either disregarded or misunderstood the provision of Rule 4 stating that parties to the lawsuit may not serve process, the court entered an order directing plaintiff's attention to the error and affording him another opportunity to comply. Despite this clear instruction, the record reflects that the plaintiff has again personally served the summons on an employee of PMI Leasing, in contravention of Federal Rule of Civil Procedure 4(c)(2).

The court cannot force plaintiff, or those who may be assisting him, to read and comply with the court's order or the Federal Rules of Civil Procedure. Regardless of the plaintiff's pro se status, the rules are not "optional"– they are, after all, rules. PMI Leasing has not made an appearance to move to dismiss the complaint for improper service. Under the circumstances, this is not necessary.

---

[1] There is insufficient information in the record for the court to determine whether Donna Johnson was authorized to receive service in behalf of PMI pursuant to Fed.R.Civ.P. 4(h).

*Case No: 5:10CV55/RS/MD*

Plaintiff's case is subject to dismissal due to his failure to timely effect proper service, a failure which resulted from his own disregard of the Federal Rules and the court's orders regarding service.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed due to plaintiff's failure to timely achieve service of process.

At Pensacola, Florida this 28th day of October, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:10CV55/RS/MD*